United States Bankruptcy Court
Eastern District of Pennsylvania

In re:                                                                Case No. 17-18097-jkf
Edward Correa                                                         Chapter 13
      Debtor

## CERTIFICATE OF NOTICE

District/off: 0313-2    User: John            Page 1 of 1        Date Rcvd: Jun 07, 2019
                       Form ID: pdf900        Total Noticed: 6

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jun 09, 2019.
```
db           +Edward Correa,    4233 Neilson Street,    Philadelphia, PA 19124-4921
14033028     +MIDFIRST BANK,    c/o MATTEO SAMUEL WEINER,     KML Law Group, P.C.,
               701 Market Street, Suite 5000,    Philadelphia, PA 19106-1541
14053523     +MidFirst Bank,    999 NorthWest Grand Boulevard,     Oklahoma City, OK 73118-6051
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
smg             E-mail/Text: megan.harper@phila.gov Jun 08 2019 03:28:53     City of Philadelphia,
               City of Philadelphia Law Dept.,    Tax Unit/Bankruptcy Dept,    1515 Arch Street 15th Floor,
               Philadelphia, PA  19102-1595
smg             E-mail/Text: RVSVCBICNOTICE1@state.pa.us Jun 08 2019 03:28:00
               Pennsylvania Department of Revenue,    Bankruptcy Division,    P.O. Box 280946,
               Harrisburg, PA  17128-0946
smg            +E-mail/Text: usapae.bankruptcynotices@usdoj.gov Jun 08 2019 03:28:49     U.S. Attorney Office,
               c/o Virginia Powel, Esq.,    Room 1250,   615 Chestnut Street,    Philadelphia, PA 19106-4404
                                                                                             TOTAL: 3
```

         ***** BYPASSED RECIPIENTS *****
NONE.                                                                                        TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.


**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jun 09, 2019                          Signature:   /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on June 7, 2019 at the address(es) listed below:
```
              DAVID B. SPITOFSKY    on behalf of Debtor Edward  Correa spitofskybk@verizon.net,
               spitofskylaw@verizon.net
              FREDERICK L. REIGLE    on behalf of Trustee FREDERICK L. REIGLE ecfmail@fredreiglech13.com,
               ecf_frpa@trustee13.com
              KEVIN G. MCDONALD    on behalf of Creditor    MIDFIRST BANK bkgroup@kmllawgroup.com
              MATTEO SAMUEL WEINER    on behalf of Creditor    MIDFIRST BANK bkgroup@kmllawgroup.com
              POLLY A. LANGDON    on behalf of Trustee SCOTT F. WATERMAN (Chapter 13) ecfmail@readingch13.com,
               ecf_frpa@trustee13.com
              SCOTT F. WATERMAN (Chapter 13)    ECFMail@ReadingCh13.com, ecf_frpa@trustee13.com
              United States Trustee    USTPRegion03.PH.ECF@usdoj.gov
                                                                                             TOTAL: 7
```

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Edward Correa <br>               Debtor | CHAPTER 13 |
| MIDFIRST BANK <br>               Movant <br> vs. | NO. 17-18097 JKF |
| Edward Correa <br>               Debtor | |
| Richard Correa <br>               Co-Debtor | 11 U.S.C. Sections 362 and 1301 |
| Scott Waterman Esq. <br>               Trustee | |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearage on the mortgage held by the Movant on the Debtor's residence is **$2,776.82**, which breaks down as follows;

| | |
|---|---|
| Post-Petition Payments: | February 2019 at $442.31/month <br> March 2019 to May 2019 at $444.52/month |
| Late Charges: | $106.23 |
| Suspense Balance: | $136.28 |
| Fees & Costs Relating to Motion: | $1,031.00 |
| **Total Post-Petition Arrears** | **$2,776.82** |

2. The Debtor(s) shall cure said arrearages in the following manner;

a). The Debtor shall make a down payment in the amount of **$600.00** on or before May 31, 2019;

b). Beginning on June 1, 2019 and continuing through November 1, 2019, until the arrearages are cured, Debtor(s) shall pay the present regular monthly payment of **$444.52** on the mortgage (or as adjusted pursuant to the terms of the mortgage) on or before the first (1st) day of each month (with late charges being assessed after the 15th of the month), plus an installment payment of **$362.81 from June 2019 to October 2019 and $362.77 for November 2019** towards the arrearages on or before the last day of each month at the address below;

MIDLAND MORTGAGE
999 N.W. Grand Boulevard, Suite 100
Oklahoma City, OK 73118-6116

c). Maintenance of current monthly mortgage payments to the Movant thereafter.

3. Should debtor(s) provide sufficient proof of payments (front & back copies of cancelled checks and/or money orders) made, but not credited, Movant shall adjust the account accordingly.

4. In the event the payments under Section 2 above are not tendered pursuant to the terms of this stipulation, the Movant shall notify Debtor(s) and Debtor's attorney of the default in writing and the Debtors may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor(s) should fail to cure the default within fifteen (15) days, the Movant may file a Certification of Default with the Court and the Court shall enter an Order granting the Movant relief from the automatic stay.

5. The stay provided by Bankruptcy Rule 4001(a)(3) is waived.

6. If the case is converted to Chapter 7, the Movant shall file a Certification of Default with the court and the court shall enter an order granting the Movant relief from the automatic stay.

7. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8. The provisions of this stipulation do not constitute a waiver by the Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

9. The parties agree that a facsimile signature shall be considered an original signature.

Date:  May 7, 2019

By: /s/ Kevin G. McDonald, Esquire
Attorney for Movant

Date: 5/10/2019

David B. Spitofsky, Esquire
Attorney for Debtors

Date: 5/22/19

Scott Waterman, Esquire
Chapter 13 Trustee

Approved by the Court this 7th day of June, 2019. However, the court retains discretion regarding entry of any further order.

Bankruptcy Judge
Jean K. FitzSimon